PUBLISHED

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **SHIRLEY JUSTUS**, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:05CV00029 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **KELLOGG BROWN & ROOT** ) | By: James P. Jones |
| **SERVICES, INC., ET AL.,** ) | Chief United States District Judge |
| ) | |
| Defendants. ) | |

*S.T. Mullins, Street Law Firm LLP, Grundy, Virginia, for Plaintiff; Robert S. Ballou, Johnson Ayers & Matthews, Roanoke, Virginia, for Defendant Kellogg Brown & Root Services, Inc.; Nicholas B. Compton, Compton & Compton PC, Lebanon, Virginia, for Defendant Mactec Engineering and Consulting, Inc.*

The plaintiff landowner asserts various trespass and negligence claims against the defendant contractors who examined and surveyed her land to ascertain its suitability for use in building a highway. Defendant Kellogg Brown & Root Services, Inc. ("KBRS") moves to dismiss the plaintiff's claims in their entirety. The Motion to Dismiss will be granted as to the plaintiff's request for attorneys' fees, but denied as to all other claims.

I

For the purposes of this motion, I will accept as true the allegations of the plaintiff's Complaint.

Defendant KBRS entered into a contract with the Virginia Department of Transportation ("VDOT") to study where a proposed four-lane highway, the Coalfields Expressway, should run through Buchanan County, Virginia. The plaintiff is the owner of property selected by VDOT for the highway study. KBRS hired Mactec Engineering and Consulting, Inc. ("Mactec") to engage in earth moving and roadway construction, conduct geotechnical studies, cut timber, and perform underground boring on Justus' property and that of adjoining landowners. Mactec's activities caused water to run onto the plaintiff's property, damaging her water table, the quality of her drinking water, her residence, and her personal property. Mactec also left boulders and debris "precariously situated," creating a dangerous condition on the plaintiff's property. (Compl. ¶ 7.) The resulting damages have rendered the plaintiff's residence "in all respects uninhabitable." (*Id*. ¶ 6.)

II

Defendant KBRS moves to dismiss the plaintiff's claims on the following five grounds: (1) the plaintiff's allegations can be asserted only in a condemnation

proceeding under Virginia Code § 33.1-94, and not as tort claims; (2) KBRS has sovereign immunity from the plaintiff's claims against Mactec; (3) KBRS has no vicarious liability for Mactec's actions; (4) the plaintiff fails to allege any facts to support her claim for punitive damages; and (5) there is no basis for the plaintiff's claim for attorneys' fees. For the following reasons, I will grant the defendant's motion to dismiss the plaintiff's claim for attorneys' fees, but deny the motion to dismiss the remaining claims.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting the allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, the plaintiff can prove no set of facts that would entitle her to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support [the] claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). It is not necessary to set forth a particular legal theory; a party is required only to make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also* Charles Alan Wright, *Law of Federal Courts* § 68 (5th ed. 1994). The court is obligated to construe the complaint as asserting "any and all legal claims that its factual allegations can fairly be thought to support." *Martin v. Gentile*, 849 F.2d 863, 868 (4th Cir. 1988).

-3-

Case 1:05-cv-00029-JPJ-PMS   Document 22   Filed 06/17/05   Page 3 of 10   Pageid#: 154

First, KBRS challenges the plaintiff's claim under Virginia Code § 33.1-94, the statute authorizing the Commonwealth Transportation Commissioner ("Commissioner") to examine and survey land to assess its suitability for highway projects. *See* Va. Code Ann. § 33.1-94 (Michie 1996). The plaintiff has alleged that the defendant state contractors committed various trespassory and negligent acts when they exceeded the scope of their authority under § 33.1-94. In its Motion to Dismiss, KBRS argues that the plaintiff's sole remedy for violations of the statute lies in condemnation, and that her allegations do not present compensable tort claims.

Section 33.1-94, in full, states:

> The Commonwealth Transportation Commissioner, through his duly authorized officers, agents, or servants, may enter upon any land in the Commonwealth for the purposes of making examination and survey thereof, with a view to ascertainment of its suitability for highway purposes, or for any other purpose incidental thereto. Such officers, agents, or servants shall exercise care to protect any improvements, growing crops, or timber in making such examination or survey.
>
> In the event that the Commissioner and any landowner affected cannot agree as to the amount of damage, if any, sustained by reason of the entry upon land for the purposes herein stated, the Commissioner shall institute condemnation proceedings, as hereinafter provided in this chapter, for the purpose of determining the amount of such damage, if any.

*Id*.

KBRS points out that the statute imposes a duty to "exercise care," and argues that the second paragraph of the statute gives the Commissioner exclusive jurisdiction to enforce violations of that duty in condemnation proceedings. KBRS further argues that "damage, if any, sustained by reason of the entry upon land" includes damages resulting from the defendants' alleged tortious and negligent acts.

The parties agree that no reported court decision has interpreted the scope of section 33.1-94. However, there is a clear answer to the more general question of whether state agents' tortious and negligent acts may be adjudicated in condemnation proceedings—they may not. The Supreme Court of Virginia has "consistently adhered to the view that the eminent domain provisions in the Virginia Constitution have no application to tortious or unlawful conduct, whether by contractors engaged in constructing public improvements, . . . governmental agents, . . . or third parties who are strangers to the condemnation proceedings." *State Highway & Transp. Comm'r v. Lanier Farm, Inc.*, 357 S.E.2d 531, 534 (Va. 1987) (internal citations omitted). Tort law, not the condemnation statutes, provides the proper remedy in such situations. *See Ryan v. Davis*, 109 S.E.2d 409, 413 (Va. 1959) (stating that "any damage . . . sustained by reason of any wrongful or negligent acts committed during the course of construction of . . . [a] highway project is not compensable in th[e condemnation] proceeding, but would form the basis of a separate suit [in tort]").

-5-

Furthermore, the Supreme Court of Virginia has explained that the State Highway Commissioner lacks the "authority to institute condemnation proceedings for the purpose of determining damages occasioned by the tortious acts of his agents." *Eriksen v. Anderson*, 79 S.E.2d 597, 600 (Va. 1954). When assessing damages, "[c]ondemnation commissioners . . . are restricted to those *arising from the authorized and lawful acts* of the servants, agents and employees of the State." *Id.* (emphasis added). Although *Eriksen* was decided under an earlier version of the condemnation statute, it remains good law. *See, e.g., City of Virginia Beach v. Oakes*, 561 S.E.2d 726, 729 (Va. 2002); *Goodman v. City of Norfolk*, 2002 WL 31989087, *1-2 (Va. Cir. Ct. 2002) (agreeing with the contention that "Virginia's 'taking' provisions do not apply to damage caused by the negligence of public officials or agents").

It is even more apparent that the plaintiff's claims should be adjudicated under tort law when considering the fact that condemnation awards are paid out of the state treasury. *See* Va. Code Ann. § 33.1-127 (Michie Supp. 2004) (stating "[t]he amount of such compensation and *damages, if any*, awarded to the owner . . . in [condemnation] proceedings shall be paid out of the appropriations to the Virginia Department of Transportation" (emphasis added)). To compensate a plaintiff out of the state's coffers for the tortious and negligent acts of its agents would violate basic

-6-

notions of sovereign immunity, ultimately making the government liable for the unauthorized acts of those agents. Justus' allegation that the defendants acted outside the scope of the authority granted to them by section 33.1-94 takes her claim out of the condemnation process.

Second, KBRS argues that it was acting as an agent of VDOT and, as such, is protected from the plaintiff's claims by sovereign immunity. It is well-settled law in Virginia that the state cannot be sued for torts without its consent. However, not all "agents" of the state are entitled to sovereign immunity. The Supreme Court of Virginia has expressly held that "while some employees or agents of the Commonwealth may be entitled to the protection of sovereign immunity, all independent contractors are excluded from that protection." *Atkinson v. Sachno*, 541 S.E.2d 902, 905 (Va. 2001).

While the plaintiff does not expressly allege that KBRS was an independent contractor, she does not allege to the contrary. In fact, she asserts that KBRS "contracted with the [VDOT]," which likely means that KBRS was an independent contractor. (*See* Compl. ¶ 3.) In any event, because it is possible that the facts will show such status, the plaintiff has complied with federal notice pleading standards and is now entitled to offer evidence to support her claims.

Third, KBRS moves to dismiss the plaintiff's claims on the ground that it is not vicariously liable for Mactec's actions and the plaintiff alleges that Mactec alone engaged in negligent acts. The doctrine of respondeat superior imposes liability on an employer for the negligent acts of its employee. Under that doctrine, a subcontractor's negligence may be imputed to a general contractor if there is a master-servant relationship between the two. *See Smith v. Grenadier*, 127 S.E.2d 107, 112 (Va. 1962).

The plaintiff alleges that Mactec "is a sub-contractor and agent for KBR[S]," and that Mactec committed various tortious and negligent acts "as an agent for and under the supervision of KBR[S]." (Compl. ¶ 5-9.) The determination of whether a master-servant relationship existed between two parties is a fact-specific inquiry and may show such a relationship in this case. These facts, if true, would entitle the plaintiff to relief.

Fourth, KBRS moves to dismiss the plaintiff's claims for punitive damages, arguing that she has failed to allege any facts to support such an award. Punitive damages are warranted by either malicious conduct or "'negligence which is so willful or wanton as to evince a conscious disregard of the rights of others.'" *Infant C. v. Boy Scouts of Am., Inc.*, 391 S.E.2d 322, 327 (Va. 1990) (quoting *Booth v. Robertson*, 374 S.E.2d 1, 3 (Va. 1988)). Willful or wanton conduct is characterized

-8-

by a "defendant's consciousness of his act, . . . awareness of the dangers or probable consequences, and . . . reckless decision to proceed notwithstanding that awareness." *Id*. The plaintiff alleges that the defendants acted "willfully and wantonly" and in a "grossly negligent" manner, and that they "knew . . . [or] should have known" that they lacked the legal right to trespass and conduct their operations on her property. (Compl. ¶ 8, 33, 35.) These facts, if true, would entitle the plaintiff to relief.

Finally, KBRS moves to dismiss the plaintiff's claim for attorneys' fees. It is a "long-standing general rule" that "in the absence of a statutory or contractual provision to the contrary, attorneys' fees are not recoverable by the prevailing litigant." *Gilmore v. Basic Indus., Inc.*, 357 S.E.2d 514, 517 (Va. 1987) (citing *Hiss v. Friedberg*, 112 S.E.2d 871, 875 (Va. 1960); *Norris v. Barbour*, 51 S.E.2d 334, 342 (Va. 1949)). Attorneys' fees generally are not available in tort actions, and nothing in the condemnation statutes makes them available in this case. Accordingly, KBRS' motion to dismiss will be granted as to the plaintiff's claim for attorneys' fees.

III

For the reasons set forth above, it is **ORDERED** that:

1. The defendant's Motion to Dismiss is granted with respect to the plaintiff's request for attorneys' fees; and

-9-

2. The motion is denied on all other grounds.

                      ENTER: June 17, 2005

                      /s/ JAMES P. JONES
                      Chief United States District Judge